United States District Court
Southern District of Texas

**ENTERED**

July 01, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| MARIO DAVILA and<br>NORMA A. DAVILA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:25-CV-00582 |
| STATE FARM LLOYDS, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mario and Norma Davila own property in Mission, Texas, that is insured by State Farm Lloyds ("State Farm"). (Dkt. No. 1-2 at 4–5). After the property's solar electricity generating system stopped working, Plaintiffs filed a claim with State Farm. (*Id.* at 5). In May 2022, State Farm inspected Plaintiffs' property and the solar panels and found that the damage was caused by lightning. (*Id.*). Plaintiffs allege that State Farm failed to contact the installation company, closed the claim, and refused to pay for the damages or otherwise abide by the terms of Plaintiffs' policy. (*Id.*). Plaintiffs filed suit in state court, (Dkt. No. 1-2 at 3–7), and State Farm removed the case to this Court, (Dkt. No. 1).

Pending before the Court is Plaintiffs' Opposed Motion to Remand. (Dkt. No. 5). For the following reasons, the Motion is **DENIED**.

## I.    PROCEDURAL BACKGROUND

On July 29, 2024, the Davilas sued State Farm in state court asserting a breach-of-contract claim. (Dkt. No. 1-2 at 3–7). Plaintiffs also sued State Farm Mutual Automobile

Insurance Company, and State Farm Lloyds, Inc. (collectively, the "non-diverse State Farm entities"). (*Id.*). After Plaintiffs failed to serve Defendants with their complaint, the state court filed an order threatening to dismiss the case for want of prosecution and set a hearing for December 19, 2024. (*Id.* at 19). Plaintiffs did not effectuate service prior to the hearing and requested that the court not dismiss the case and allow time to serve Defendants. (*Id.* at 527); (Dkt. No. 7 at 11). The state court granted this request, (Dkt. No. 1-2 at 527), and Defendants were served on December 23, 2024, (*id.* at 28–47).

On January 13, 2025, the non-diverse State Farm entities filed separate Original Answers claiming that they were improper defendants. (*Id.* at 49–55). State Farm filed its own Original Answer that same day. (*Id.* at 57–59). On March 24, 2025, Plaintiffs' attorney sent a post-complaint demand letter to State Farm alleging violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code. (Dkt. No. 5-3). The non-diverse State Farm entities filed a motion for partial summary judgment, (Dkt. No. 1-2 at 272–78), to which Plaintiffs failed to respond, (*see* Dkt. No. 7 at 14). On November 12, 2025, Plaintiffs filed a nonsuit without prejudice on all claims against the non-diverse State Farm entities. (Dkt. No. 1-2 at 503–05). The state court also entered an order granting the motion for partial summary judgment. (*Id.* at 506).

Plaintiffs did not amend their petition to add the additional claims mentioned in the March 2025 letter until December 8, 2025, the deadline for supplemental and amended pleadings set by the state court. (*See generally id.*); (Dkt. No. 1-2 at 229). On December 16, 2025, State Farm removed the case to this Court. (Dkt. No. 1). Plaintiffs moved to remand on January 14, 2026. (Dkt. No. 5).

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994), and may only hear cases that present a federal question or satisfy the requirements for diversity jurisdiction, *see* 28 U.S.C. §§ 1331, 1332.  If a case meets one of these two requirements for federal subject-matter jurisdiction, the defendant (or defendants) may remove the action from state to federal court.  *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

To determine whether federal subject-matter jurisdiction exists, courts examine the plaintiff's state-court petition as it stood at the time of removal.  *Manguno*, 276 F.3d at 723.  Therefore, to remove a case on diversity-jurisdiction grounds—as State Farm has done here, (Dkt. No. 1 at 2)—two conditions must be met at the time of removal: (1) there must be complete diversity of citizenship between the parties, and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

The removing party bears the burden of establishing that subject-matter jurisdiction exists and that removal is proper.  *Manguno*, 276 F.3d at 723.  Notice of removal must be filed within 30 days of a defendant's receipt of the initial pleadings.  28 U.S.C. § 1446(b)(1).  If, however, the initial pleadings do not state a removable case then a notice of removal may be filed within 30 days of defendant's receipt of "a copy of an amending pleading, motion, order or other paper from which it may first be ascertained that the case is" removable.  *Id.* at (b)(3).  Further, a case cannot be removed more than one year after it has been commenced in state court absent bad faith on the plaintiff's part.

*Id.* at (c)(1). The removal statute is strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. *Manguno*, 276 F.3d at 723; *see also Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

## III.   DISCUSSION

### A.   WHEN DIVERSITY JURISDICTION FIRST EXISTED

Plaintiffs argue that State Farm's Motion to Remand is untimely because it was filed more than 30 days after the case was removable and more than a year after the suit commenced. (*See generally* Dkt. No. 5). According to them, the case became removable on March 24, 2025, when Plaintiffs sent State Farm a post-complaint notice letter concerning additional causes of action against State Farm that pushed the amount in controversy over $75,000.[1] (*Id.* at 3). Because State Farm did not remove the case within 30 days of this date—or by July 29, 2025, one year after the lawsuit was filed—Plaintiffs allege the case could not be removed. (*Id.* at 7–16).

State Farm responds that the case was not removable until December 8, 2025, the date Plaintiffs amended their state-court petition to assert the additional causes of action against State Farm mentioned in the March 2025 demand letter. (Dkt. No. 7 at 4–10). Until that date, no "other paper" as contemplated by 28 U.S.C. § 1446(b), including the demand letter, made it "unequivocally clear and certain" that the amount in controversy had been met. (*Id.*). Further, while its December 16, 2025, removal was past the one-year

---

[1] Plaintiffs do not contest that complete diversity exists between themselves and State Farm, (*see generally* Dkt. No. 5), and the Court is satisfied that such diversity exists, (*see* Dkt. No. 15).

time limit, State Farm asserts that Plaintiffs acted in bad faith to prevent timely removal. (*Id.* at 10–14).

Courts in the Fifth Circuit have held that a demand letter can constitute an "other paper" under § 1446(b). *See Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000) (collecting cases); *see also Torres v. Trans Health Mgmt., Inc.*, 509 F.Supp.2d 628, 632–33 (W.D. Tex. 2006). Moreover, the Fifth Circuit has specifically rejected the argument that an "other paper" "must actually be filed in the state court proceedings." *Addo*, 230 F.3d at 761. For demand letters to make a case removable, however, "the information supporting removal . . . must be 'unequivocally clear and certain' [that the amount in controversy has been met] to start the time limit running for a notice of removal under . . . section 1446(b)." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *see also Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 369 (5th Cir. 2021).

Plaintiffs' March 2025 letter states that it "serves as pre-suit notice of anticipated claims to be brought under the [DTPA] and the Texas Insurance Code." (Dkt. No. 5-3 at 4). It claims damages of $35,640 for cost of the solar panels, $25,000 for mental anguish, $2,500 for reasonable attorney's fees, as well as treble damages under Section 17.50 of the Texas Business and Commerce Code. (*Id.* at 8). After detailing the factual and legal basis for those claims, the letter states that Plaintiffs "intend to formally allege and amend their Petition" to add the DTPA and Texas Insurance Code claims. (*Id.* at 7). However, the letter states that "[i]n order to minimize additional attorney's fees and costs that [Plaintiffs] will incur *if [they] should proceed with bringing suit on the aforementioned claims*," Plaintiffs are open to settlement discussions. (*Id.*) (emphasis added).

While Plaintiffs' letter could qualify as an "other paper" under Section 1446(b), it fails to make "unequivocally clear and certain" that the amount in controversy exceeded $75,000. Despite claiming specific damages totaling $63,140 and treble damages that would bring the amount in controversy over the statutory minimum, the letter does not provide the necessary certainty that those damages are in dispute. It was sent to State Farm before Plaintiffs amended their petition to add these claims when the exact amount in controversy was unclear. True, Plaintiffs claim in the letter that they intend to amend their petition to include these claims, (*see* Dkt. No. 5-3 at 7), however, Plaintiffs contradict themselves when they also imply that these claims may not be added depending on settlement discussions. (*See id.* at 8–9). The statements in the letter were not binding as Plaintiffs had no obligation to add claims by amending their complaint. Until they actually did so on December 8, 2025, (Dkt. No. 1-2 at 397–405), the additional DTPA and Texas Insurance Code claims remained hypothetical and uncertain. Thus, diversity jurisdiction did not exist until that date.[2]

## B.   REMOVAL WAS TIMELY

Because diversity jurisdiction existed when State Farm removed the case, the Court must determine whether removal was timely. State Farm does not dispute that it removed the case beyond the one-year time limit. Instead, it asserts that it was prevented

---

[2]   While State Farm asserts that the non-diverse State Farm entities were improperly joined, (Dkt. No. 7 at 3), the Court need not resolve this question as both entities were nonsuited by Plaintiffs before State Farm removed the case, (Dkt. No. 5-5 at 2). Further, even if the nonsuited defendants were improperly joined, State Farm could not remove the case until the amount in controversy was "unequivocally clear and certain" on December 8, 2025.

from doing so by Plaintiffs' bad-faith attempts to avoid removal. (Dkt. No. 7 at 10–15). These attempts include: (1) serving State Farm nearly five months after filing suit, (2) keeping the non-diverse State Farm entities as defendants despite have no valid claims against them, (3) taking over eight months to amend their petition to add the DTPA and Texas Insurance Code claims after sending the March 2025 demand letter, and (4) never intending to prosecute, settle, or otherwise resolve claims against the non-diverse State Farm entities. (*Id.*). Plaintiffs respond that they did not act in bad faith and that they always complied with Texas law and procedure. (*See* Dkt. No. 9).

"[T]he Fifth Circuit has not settled on a clear standard for determining 'bad faith' under § 1446(c)." *Flores v. Intex Recreation Corp.*, No. 2:20-CV-00073, 2020 WL 6385679, at *2 (S.D. Tex. July 2, 2020). However, "[c]ourts in the Fifth Circuit have focused their inquiry on whether the plaintiff's conduct indicates manipulation of the removal statute." *Id.* (collecting cases). "Conduct rises to the level of 'bad faith' when a party makes a 'transparent attempt to avoid federal jurisdiction.'" *Kidwai v. Fed. Nat. Mortg. Ass'n*, No. 5:13-CV-00972, 2014 WL 252026, at *2 (W.D. Tex. Jan. 22, 2014) (quoting *Carey v. Allstate Ins. Co.*, No. 2:13-CV-02293, 2013 WL 5970487, at *3 (W.D. La. Nov. 7, 2013)). "[T]he question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019) (emphasis in original) (quoting 28 U.S.C. § 1446(c)(1)). This determination is undertaken on a case-by-case basis keeping in mind the underlying principle that removal jurisdiction is to be strictly construed in favor of remand. *Kidwai*, 2014 WL 252026, at *2.

7

The Court finds that Plaintiffs' attempts to slow-walk their case, while procedurally allowable, were done in bad faith to avoid removal. Plaintiffs delayed alerting Defendants to the suit almost half a year after filing—and only did so after the state court threatened to dismiss the case.[3] (Dkt. No. 1-2 at 19). Plaintiffs' conduct in state court also indicates an unwillingness to prosecute the case against the non-diverse defendants; there was no attempt to engage in settlement discussions and Plaintiffs failed to respond to the non-diverse Defendants' summary-judgment motion. (Dkt. No. 7 at 14); *see also Hoyt*, 927 F.3d at 292 (affirming a district court's finding of bad faith because the plaintiff "only half-heartedly" pursued their claims against a non-diverse defendant). Further, not only did they wait over eight months after first notifying State Farm they intended to add contemplated claims that would make the case removable, they waited to add these claims until after the one-year limit. In support of these tactics, Plaintiffs provide no justification beyond a general statement that their actions were taken in accordance with Texas procedural law. (*See generally* Dkt. No. 9). The Court concludes that, on this record, the evidence reflects that Plaintiffs acted with the purpose of preventing State Farm from removing the case. Removal is therefore proper.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, (Dkt. No. 5), is **DENIED**.

It is SO ORDERED.

---

[3]    Indeed, Plaintiffs' five-month delay is particularly notable given that service on Defendants occurred a mere four days after they were instructed to do so by the state court. (Dkt. No. 1-2 at 527).

Signed on June 30, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**